## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| L.K by next friend, | § | |
| J.K. and M.K. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:23-cv-621 |
| | § | |
| LITTLE ELM  INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| Defendants, | § | |

### PLAINTIFFS' COMPLAINT FOR PREVAILING PARTY ATTORNEYS' FEES, AND

### EXPENSES, PURSUANT TO IDEA

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, L.K., a minor by next friend, J.K. and M.K. and bring this petition against Little Elm Independent School District seeking to require the District to to pay attorneys' fees and reimburse certain costs for the successful representation of Plaintiffs in an administrative hearing pursuant to the Individuals with Disabilities Education Act, and would show the Court as follows:

### PARTIES

1.1     Plaintiff L.K. is a resident and student within the Little Elm Independent School District. L.K. is an eligible student with a disability under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* J.K. and M.K., are the parents, guardians, and next friends of L.K. and reside within the Little Elm Independent School District and within the Eastern District of Texas. Plaintiffs were Petitioners in the administrative proceeding below.

1.2    Defendant, Little Elm Independent School District is a public school district in the state of Texas situated and operating in the Eastern District of Texas. The District is a recipient of federal funding pursuant to the IDEA. The Defendant District was, and continues to be, legally responsible for providing L.K. with a Free Appropriate Public Education as required by the IDEA and related federal regulations.

Defendant was the Respondent in the administrative pleading below.


JURISDICTION, VENUE, AND NATURE OF THE ACTION

2.1    This action is brought pursuant to 20 USC § 1415(i)(3) for an award of attorney's fees. All administrative prerequisites to jurisdiction have been met. This court has jurisdiction of this matter pursuant to 20 USC § 1415(i)(3).

2.2    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

FACTS

3.1    On November 14, 2022 Plaintiffs filed a request for an administrative special education due process hearing.

3.2    On June 8, 2023 Special Education Hearing Officer (SEHO) Kasey White issued a decision in Plaintiff's favor. A June 13, 2023 Amended Decision was issued to correct typographical errors. The decision held that Defendant did not provide Student a FAPE during the relevant time period, and his IEP was not reasonably calculated to address his needs in light of his unique circumstances and that The District failed to comply with its Child Find obligation. The Hearing Officer ordered a variety of remedies, including but not limited to multiple

independent educational evaluations of the Student, modifications to the Student's IEP, reimbursement to the parent's for a private psychological evaluation, and compensatory services.

3.3     Plaintiffs are the prevailing party under IDEA and entitled to their attorney's fees. 20 U.S.C. § 1415(i)(3)(B)(i)(II). Based on the Order, Plaintiffs attained a remedy that both alters the legal relationship between the school district and the handicapped child and fosters the purposes of IDEA. *D.C. v. Klein Indep. Sch. Dist.*, 860 F. App'x 894, 909 (5th Cir. 2021) Ordering the reimbursement of a private evaluation and ordering further private evaluations alter the legal relationship of the parties. *Ector Cnty. Indep. Sch. Dist. v. VB*, 420 F. App'x 338, 343 (5th Cir. 2011). Additionally, Hearing Officer White's order requiring Little Elm ISD to provide compensatory relief, constitutes "specific steps" to ensure that Student receive a free, appropriate public education, which also alters the relationship of the parties and fosters the purpose of IDEA. *Id.* Additionally Hearing Officer White's Order requiring Little Elm ISD to modify Student's IEP to include the autism supplement also clearly altered the relationship between the parties. *See D.C. v. Klein Indep. Sch. Dist.*, 860 F. App'x 894, 909 (5th Cir. 2021). Further, by obtaining an administrative order, Plaintiff's have satisfied the 5th Circuit's criteria to attain some judicial imprimatur on a material alteration of the legal relationship. *D.G. ex rel. LaNisha T. v. New Caney Indep. Sch. Dist.*, 806 F.3d 310, 313 (5th Cir. 2015).

3.4     A prevailing party may seek attorneys' fees for both the administrative due process proceedings and subsequent litigation in court. *I.W. by & through Karen K. v. Hardin-Jefferson Indep. Sch. Dist.*, No. 1:15-CV-332, 2017 WL 5644386, at *4 (E.D. Tex. Jan. 4, 2017).

<u>CAUSES OF ACTION</u>

4.1    As a prevailing party, Plaintiffs are entitled to reasonable attorney's fees for the administrative matter pursuant to 20 USC § 1415(i)(3).

4.2    Plaintiffs are additionally entitled to reasonable attorney's fees and costs for bringing this action.

<u>PRAYER FOR RELIEF</u>

5.1    Wherefore, Plaintiffs request that:

A.    The Court enter a judgment declaring Plaintiffs the prevailing party pursuant to 20 USC § 1415(i)(3)(B)(i)(I).

B.    The court enter a judgment against the Defendants awarding Plaintiff reasonable attorney's fees, costs, and interest for the time spent by their attorney, Jordan A. McKnight, related to the filing and pursuit of the administrative due process hearing and in obtaining and enforcing the hearing officer's decision.

C.    The Court enter judgment against Defendant awarding Plaintiffs reasonable attorney's fees and costs for the prosecution of this action.

D.    That the Court grant to Plaintiffs all such and further relief to which Defendants may be entitled as a matter of law and equity.

.

Dated: August 6/30/2023

Respectfully submitted,
/s/ Jordan McKnight
Jordan McKnight
SBN: 24075586
P.O. Box 664
Little Elm, Texas 75068
Tel:  (903) 271-4696
Fax:  (972) 408-3432

jordanmcknightlaw@gmail.com
*ATTORNEY FOR PLAINTIFFS*